McCULLOCH, Appellee, v. YOST, ET., Appellees, PREBLE COUNTY NATIONAL BANK, Appellant.

Ohio Appeals, Second District, Preble County.

No. 118. Decided December 2, 1946.

Walter H. Earley, Eaton, for Appellee, Vesta A. McCulloch.

Charles E. Weber and Thurston F. Bittle, Eaton, for Appellee, Robert Brower.

Dye & Ernst, Eaton, for Appellant, The Preble County Natl. Bank.

## OPINION

By MILLER, J.:

This is an appeal on law and fact from the Court of Common Pleas of Preble County, Ohio.

The action is one in partition brought by one of the children of Sylvanus A. Brower, deceased, who died testate on February 15, 1901, seized in fee simple of a homestead farm of about 200 acres, and leaving his widow, Emma S. Brower, and his five children, Vesta A. McCulloch, Ada Jane Yost, Frank M. Brower, Stella Eikenberry and Stanley J. Brower, his only heirs at law and next of kin and devisees under his will.

Said Stanley J. Brower in the year 1921 executed and delivered to The Preble County National Bank, one of the defendants herein, a mortgage on an undivided one-fifth interest in said homestead farm. Stanley J. Brower died intestate in the year 1927, leaving his widow, Edna Brower, and his son, Robert Brower, as his only heirs at law and next of kin. Emma S. Brower, the widow of the testator, and the life tenant, died on September 25, 1945. Robert Brower, one of the defendants herein, filed a cross-petition praying for a construction of the will of his grandfather, Sylvanus A. Brower, and a determination of his interest in the 200 acre farm devised by said will, which provides:

"Item 1: I desire to give and bequeath to my beloved wife, Emma S. Brower * * * during her lifetime.

"Item 2: At the death of my beloved wife, the said Emma S. Brower, said homestead shall be equally divided between my five children; vis, Vesta Brower, Frank M. Brower, Ada Jane Brower, Stella Brower, Stanley J. Brower. Said homestead shall be disposed of in such a way so as to be to the best interest of my children. By selling it as a whole or by dividing between as they would be the better satisfied. Further if in case any of my children should die and leave heirs I desire that said heirs shall receive that part due to parent."

The mortgagee bank claims that said Robert Brower is entitled to a one-fifth interest in the said land as the heir of his father, Stanley J. Brower, a devisee under the will, and that said interest is therefore subject to the mortgage executed by said Stanley J. Brower. Robert Brower controverts this claim of the bank and claims that upon the death of his father he took a new title as a devisee under the second item of his grandfather's will.

The controlling principle in the construction of wills as announced in **Linton v Laycock, 33 Oh St 128**, is the ascertainment of the intention of the testator. Where the intention remains in doubt resort must be had to settled rules of construction. The law favors the vesting of estates, and in the construction of devises of real estate, the estate will be held to be vested in the devisee at the death of the testator, unless a condition precedent to such vesting is so clearly expressed that the estate cannot be regarded as so vested without directly opposing the terms of the will. Now does the will clearly express the intention that the estate shall not vest absolutely upon the death of the testator, but that the same depends upon the happening of some future event? The pertinent part of the will with respect to this inquiry provides:

"Further if in case any of my children should die and leave heirs I desire that said heirs shall receive that part due to parent."

The word "heirs" as used here means children or grandchildren. See **Niles v Gray, 12 Oh St 320; Durfee v McNeil, 58 Oh St 238; Moore v Deckelbach, 46 Oh Ap 381.** By substituting the word "children" for the word "heirs" as used in the will, we would have the following:

"To my children, * * * , and if in case any of my children should die and leave children, I desire the said children shall receive that part due to parent."

The rule of construction is that the Court is not entitled to consider what the testator intended so as to justify writing a will which the Court thinks the testator should have written, but the intention must be ascertained from the language used. If, as claimed by the bank, the testator meant the death of a child prior to his death, there would have been no need for the last sentence in Item 2 of the will, as the lapsed gift statute, §10504-73, GC, would accomplish the same result; that is, Stanley being a child if he died before testator leaving issue, the issue under the lapsed gift statute would take without testator making any provision therefor in his will. See **Ohio National Bank v Harris, 126 Oh St pp. 364-365.**

We find a line of cases in this state which hold that where the words "without issue" are used, they refer to the death of the first taker. One of the most recent cases to so hold is that of **Stembrenner v Dreher, 140 Oh St 315.** The appellant contends that the same rule should not apply when the words "leave heirs" or "leave issue" are used. We cannot arrive at this conclusion. In both instances a contingency arises when death occurs. It is a contingency which is bound to happen, as all must die at some time, and either leave or not leave issue. We think the case of **The Ohio National Bank v Harris, 126 Oh St 360,** is directly in point with the case at bar. The facts in this case disclose that a testator, in an item of his will devised his residuary estate to his five children, such devise being followed by clauses providing for two contingencies: one, that in case any of his children "shall die leaving issue," the share of the deceased should go to the issue; and the other, that in case any of his children "shall die leaving no issue" the share of the deceased should be divided among his remaining children. Held:

Syllabi 1, 2 and 3:

"The clauses in such item of the will, relating to a devisee dying leaving issue or dying leaving no issue, are to be construed as referable to the death of the first taker devisee.

"Since, in his will, the testator did not use language limiting the first taker's death within a period prior to his own, but used general terms in alluding to the first taker's death, the natural import of the words so used connotes death of the first taker at any time.

"The rule of construction is not changed by the fact that the testator, after the death of the first taker, devised his residuary estate to others upon two contingencies, the one contingency based on the first taker dying leaving issue, and the other on his dying leaving no issue; for the testator's intention clearly indicates where his residuary estate was to pass upon the happening of either event."

Following the rule laid down in the case of Bank v Harris, supra, we hold that the clause in the will relating to a devisee dying leaving heirs is to be construed as referable to the death of the first taker devisee. Stanley Brower having predeceased the life tenant, his defeasible fee simple estate was defeated and Robert Brower took an absolute fee simple estate as devisee in the executory devise.

Judgment may be entered accordingly.

HORNBECK, PJ, and WISEMAN, J, concur..