**GORSUCH, Exr., v. CULBERTSON et al.**

Common Pleas Court, Fulton County.

No. 12817. Decided November 15, 1949.

Pugh & Barber, Wauseon, for the executor.
Charles M. Ham, Wauseon, for Harley W. Loveland.
Lester Hallett, Wauseon, for the minor defendants.

## OPINION

By HAM, J.

This is an action to construe the will of Adrain R. Loveland, deceased, who died January 27, 1949, leaving Mina Loveland his widow (who elected to take under the law), Glen J. and Harley W. Loveland, sons, and Beulah M. Aldrich his daughter, his sole and only heirs at law. He left an estate in real estate of the approximate value of $25,000, and in personal property of the approximate value of $10,000 (net for distribution). The will was dated December 8, 1947, codicil (changing the appointment of an executor) of date November 30, 1948. At the date of the will he was 80 years of age, his wife 70 years of age.

The first item of the will directs the payment of debts and funeral expenses.

The second gives his wife, Mina, the life use of all his property, real and personal

"including any property which I may have to dispose of by will and if she shall predecease me, I give, devise, and bequeath all my property in the following proportions, to my son Glen J. Loveland one third (1/3); to my daughter Beulah M. Aldrich one third (1/3); to the wife and children of Harley W. Loveland, Gladys Loveland one twelfth (1/12); Robert Loveland, one twelfth; Joseph Loveland one twelfth and James Loveland one twelfth, and in the event of the death of any of such heirs then such share shall be divided among his or her heirs; I have made no division to Harley W. Loveland, my son as he is unable to take care of his own property or family."

There are two questions which, when solved, ipso facto dispose of all other questions:

First: Did any property or interest therein pass by the clause in the second item devising the remainder?

Second: What, if any effect, has the so called disinheriting provision in that clause of the will?

Returning to the first question: It could be that the testator, whose wife was many years his junior, had in mind that she presumably would long survive him, enjoying the life use of the real estate, and that its condition, value, etc., would probably be so uncertain at her death, that he would let the

provisions of the law direct its distribution. But that his knowledge of his affairs, value of his estate was then so certain, if the wife should first pass away, he was prepared to direct the distribution of his estate. He, therefore, wrote into his will, in its second item, those words—that condition—**"and if she should predecease me"** etc.

Be that as it may, surmise as we may; when surmises and possibilities are ended, we find ourselves in the misty, uncertain realm of mere conjecture, and return to meet language which is plain and unambiguous, not to accept which would simply be arbitrarily acting as a court scrivener of a new will for the testator.

The law presumes that the testator intended not to die intestate as to any of his property.

**Gillen v. Kimbel, 34 Oh St, 352, 57 Am. Jur. (Wills) Sec. 1158.** Thompson Const. of Wills, Sec. 221.

But that rule does not aid us in determining what disposition, if any, he intended to make of his property, if he predeceased his wife. No inference or hint of that is within the four corners of the will.

For, "intention of the testator controls; it cannot be determined only from words used in the will when given their plain and ordinary meaning." **Foye v. Foye, 35 Oh Ap 283.**

"And when no ambiguity exists, the mere fact that we cannot conjecture why the testator wrote as he did, does not justify the court in putting a strained construction on the plain language used." Robbins v. Smith, 5 C. C. (N. S.) 545; (aff'd by S. C.); **Sommers v. Doersam, 115 Oh St, 139; McCulloch v. Yost, 47 Abs 599; Craft v. Shroyer, 81 Oh Ap 253, 37 O. O. 77;** Kilgore v. Hee, 10 N. P. (N. S.) 81; Richardson v. Cincinnati Union Stock Yards, 8 N. P. 213; Thompson Const. of Wills, Sec. 325; see especially, p. 150 of Sommers v. Doersam, 115 supra.

"Since a testator may prefer in certain contingencies to die wholly or partially intestate, the presumption against intestacy will not prevail where the language of the will, fairly construed, discloses a contrary intention or is insufficient to carry the whole estate." 57 Am. Jur., page 756, sec. 1159.

"Rules and canons of testamentary construction are to be employed only where doubt exists, where the language used

does not clearly and definitely express or convey the testator's intent or where the intention is obscure because of the use of inconsistent words or clauses. Rules of construction are not to be applied where the purpose and intention is positive and unmistakable, even though expressed badly and by words and phrases improperly used or arranged. When a testator employs language that is clear, definite, and incapable of any other meaning than that which is conveyed by the words used, there is no reason for resorting to rules of construction." 57 Am. Jur., page 756, sec. 1124.

Not only germane but most pertinent to the instant discussion is the fact that the scrivener of this will was an attorney of experience who specialized in probate practice.

Upon no reasonable hypothesis, therefore, can we conclude that this particular item was not intended to mean exactly what its plain, ordinary, unambiguous language imports. **Walter v. Pugh, 30 O. O. 561;** N. Y. Life Ins. v. Hoyt, 161 N. Y. 1, 55 N. E. 299-301; **Wells v. Pape, 63 Oh Ap 432.**

In conclusion as to the first question: It follows that save for the appointment of an executor the will is simply so much paper wasted. Nothing having been disposed of by the will, the law of descent and distribution must control, without of course the so called "disinheritance clause" calls for a different distribution.

That brings us to the Second Question.

There is a rule which apparently is universally recognized: "The broad proposition that mere words of exclusion or disinheritance in a will, however clear and explicit, will not serve to prevent those whom the testator sought to disinherit from sharing in any property undisposed of by the will, in the absence of an affirmative gift of such property to others, is recognized in many cases. As has been said, no matter how strong the intention of the testator may be to disinherit an heir, the intention cannot be given any effect as to intestate property, and the only method of disinheriting such heir is to give the property to someone else." 57 Am. Jur. 765-6. See also Thompson Construction Wills, Sec. 562. **Mathews v. Krisher, 59 Oh St., 562:** We quote the syllabus of the last case.

"The statute of descents operates upon all intestate property, and the course which it indicates can be changed only by a testamentary disposition."

And from the opinion, page 574,

"The comprehensive language in which the statute is made applicable to all cases of intestacy compels the acceptance of the rule, generally recognized, that the heir at law can be disinherited only by a devise of the property to another. Denn ex dem. v. Gaskin, 2 Cowper, 329; **Crane et al. v. Doty, et al., 1 Oh St, 279.**"

So then, we must conclude, that all the decedent's property, real and personal passed to his heirs at law under the Statutes of descent and distribution, the widow, having elected to take her legal share rather than under the will, that which is admittedly hers must be aparted to her.